Filed 7/20/21  In re K.A. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re K.A. et al., Persons Coming Under Juvenile Court Law. | B308091 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 20CCJP01315) |
| Plaintiff and Respondent, | |
| v. | |
| L.L., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Stephen C. Marpet, Judge Pro Tempore.  Affirmed.

Pamela Deavours, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel and Stephen Watson, Deputy County Counsel, for Plaintiff and Respondent.

———————————

Mother and father are the parents of a 13-year-old boy (K.A.) and his 8-year-old brother (A.A.). The juvenile court asserted jurisdiction over the minors based on mother's domestic violence with stepfather, her alcohol abuse, her emotional abuse of the children, and father's sexual abuse of another child. On appeal, father challenges the jurisdictional finding against him, as well as the juvenile court's order removing the children from his care. He argues there was insufficient evidence the children were put at risk by his sexual abuse of another child. He also contends the juvenile court applied the wrong statute at disposition in support of removal. We find the challenge to the jurisdictional findings non-justiciable. We also find no error in the disposition order and, therefore, affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

The Department of Children and Family Services (Department) began investigating the family in March 2020 when older son K.A. reported to the police that he saw mother punch stepfather. Mother told the social worker she had been in a relationship with stepfather for three to four years, and acknowledged slapping him the day before. She denied prior incidents of domestic violence with stepfather.

According to K.A., stepfather and mother hit each other every two to three months. The day prior, mother and stepfather had come home drunk from a party and had physically fought. K.A. reported that he had previously had suicidal thoughts; younger son A.A. also said he wanted to "hurt" himself because his " 'parents are always fighting.' " Both boys denied any sexual abuse.

Father's whereabouts were unknown. K.A. said father left the family about five years earlier. Mother said father did not

financially support the children, she and father had a history of domestic violence, and mother had not heard from him in over a year.

The Department filed a petition alleging mother and stepfather engaged in domestic violence in the children's presence, mother's violent altercations caused the children emotional distress, and mother abused alcohol.[1]  The court detained the children who were placed with maternal aunt.  The court found that father was the children's presumed father and ordered the Department to conduct a due diligence search to locate him.

In April 2020, the Department reported that father had been deported to his home country of Guatemala.  The court appointed counsel for father, who waived his appearance at the jurisdiction hearing.

K.A. told the social worker that father had hit him when K.A. was "a kid," however, K.A. expressed a desire to talk with father over the phone and visit him in Guatemala.  A.A. said he remembered when father "fought" with mother and hit her, and that he was not now seeking contact with father.  Father told a social worker over the phone that if mother failed to reunify with the children, he wanted them to reside with him in Guatemala.

After filing the initial petition, the Department discovered that the juvenile court had sustained findings of sexual abuse under Welfare and Institutions Code section 300, subdivisions (d) and (j) against father (not stepfather) in a 2018 case involving his

_____

[1]      The petition also included an allegation that mother physically abused the children which was later stricken.

3

other sons, the one-year-old twin, half-brothers of K.A. and A.A.[2] In that case, the juvenile court found that father sexually abused the eight-year-old daughter of his girlfriend. The girlfriend's daughter was not related to K.A. or A.A., but was half-sister to the one-year-old twins.

In the present case, the Department proceeded to file an amended petition alleging that the juvenile court had previously found K.A. and A.A.'s half-brothers to be dependents of the court based on father's sexual abuse of the twins' half-sister. Father had been found in the prior juvenile case to have "fondl[ed]" that child's vagina, buttocks, and breasts with his hands. The petition further alleged that father had threatened his girlfriend's daughter if she were to disclose the sexual abuse. Father failed to comply with the court's case plan or reunify with his girlfriend's daughter or her siblings, including the twins. In the current case, the petition alleged that father's sexual abuse of the girlfriend's daughter endangered K.A. and A.A. under Welfare and Institutions Code section 300, subdivisions (b), (d) and (j).

At the jurisdiction hearing, the court took judicial notice of the sustained petition, case plan, and minute orders in the twins' case.[3] In the current case, the court sustained the petition's

---

[2]     All further undesignated statutory references are to the Welfare and Institutions Code

[3]     Father argues the juvenile court erred in taking judicial notice of the prior sustained petition, minute orders, and case plans. However, father did not object in the juvenile court, and has therefore forfeited this claim. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) The juvenile court properly took judicial notice of " ' "the truth of facts asserted in documents such as orders,

4

allegations against mother and father, and ordered K.A. and A.A. removed from their parents' care. The minute order indicated the court ordered removal under section 361, subdivision (a)(1) [limits on parental control], subdivision (c) [substantial danger to the physical health, or physical or emotional well-being of the minor], and subdivision (d) [clear and convincing standard], as well as section 362, subdivision (a) ["any and all reasonable orders" for the custody of dependent children]. The court granted the parents monitored visits and ordered the Department to assist them with reunification services. Father timely appealed.[4]

### *DISCUSSION*

### 1.　Justiciability

Father's only arguments on appeal deal with the jurisdiction and removal orders based on the prior sexual abuse of his girlfriend's daughter. Father does not challenge the juvenile court's findings based on mother's conduct. The Department urges us not to reach the merits of father's appeal for the very reason that the juvenile court sustained unchallenged jurisdictional findings against mother.

" 'When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged

findings of fact and conclusions of law, and judgments." ' " (*In re Tanya F.* (1980) 111 Cal.App.3d 436, 440.)

[4]　Mother is not a party to this appeal.

5

statutory grounds for jurisdiction are supported by the evidence.' [Citation.]" (*In re I.J.* (2013) 56 Cal.4th 766, 773.) Stated otherwise, when jurisdiction over a dependent child would exist even if we were to conclude some jurisdictional findings were in error, the appeal may be treated as not justiciable. (See, e.g., *In re Briana V.* (2015) 236 Cal.App.4th 297, 308.)

The rule of justiciability notwithstanding, an appellate court may exercise its discretion to consider a challenge to a jurisdiction finding that may otherwise be considered moot if the challenged finding "(1) serves as the basis for dispositional orders that are also challenged on appeal [citation]; (2) could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings [citations]; or (3) 'could have other consequences for [the appellant], beyond jurisdiction' [citation]." (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762–763.)

Here, neither mother nor father appeals the jurisdictional findings against mother. Father concedes the court will retain jurisdiction over the minors based on the sustained allegations against mother, but argues we should exercise our discretion to reach his jurisdictional challenge. He contends that, under *In re Drake M.*, his challenge to the findings against him is justiciable because the findings served as the basis for the removal order from which he also appeals. At the same time, father acknowledges that he was not the custodial parent and did not seek custody of the children. Under these circumstances, we decline to exercise our discretion to consider his challenge to the jurisdiction findings against him.[5]

---

[5] Father argues we should consider the jurisdictional findings against him because they carry a stigma. (See *In re*

## 2.    The Court Did Not Err in Ordering Removal

Father's second argument on appeal is that the trial court erred in issuing the removal order.

### a.    *Father's statutory argument misunderstands the juvenile court's minute order.  He presents no error.*

Father argues that because he was a noncustodial parent who did not seek custody of sons, removal was inappropriate under section 361, subdivision (d), and the court should have applied section 361, subdivision (a)(1), and section 362, subdivision (a).  Appellant misreads the minute order, which indicates the juvenile court ordered removal of sons under all three of those statutes.  Father has not demonstrated error.[6]

### b.    *Father forfeited his argument that the trial court failed to state its reasons for removal*

Father also argues the juvenile court failed to state facts

---

*Drake M., supra*, 211 Cal.App.4th at pp. 762–763.)  While often a legitimate consideration in determining the exercise of our discretion to address such findings, here, any stigma attached not to the jurisdictional findings in the current case, but to the juvenile court's earlier sustained finding in Los Angeles County Superior Court case number 18CCJP01235 that father had sexually abused his girlfriend's daughter.  (Father appealed those findings (case No. B289599).  The appeal was dismissed as abandoned under *In re Phoenix H.* (2009) 47 Cal.4th 835, 838.)

[6]    Respondent argues father forfeited his claim by not objecting on this basis below.  However, we exercise our discretion to reach the merits of his claim.  (See *In re Dakota J.* (2015) 242 Cal.App.4th 619, 630 [whether a juvenile court has statutory authority to order removal presents a question of law which may be reviewed in absence of an objection below].)

supporting removal as required by section 361, subdivision (e). The statute provides that the trial court "shall state the facts on which the decision to remove the minor is based."  Father did not object below to the absence of a statement of reasons, thus, his argument on appeal is forfeited.  If father had brought the issue to the trial court's attention, any defect could have been easily cured. We do not countenance attorneys lying in wait and raising the point for the first time on appeal, especially in a case of this nature.  (See *In re S.B.*, *supra*, 32 Cal.4th at p. 1293 ["[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court"].)

## ***DISPOSITION***

The jurisdictional and dispositional orders are affirmed.


RUBIN, P. J.


WE CONCUR:




MOOR, J.




KIM, J.


8